UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RICHARD MCCLUNEY** <br><br> Plaintiff, <br><br> v. <br><br> **CITY OF WICHITA, KANSAS,** <br><br> Defendant. | **Civil Action No.** _____ <br><br> **Jury Trial Demanded** <br><br> **Designation of Place of Trial: Wichita KS** |

**COMPLAINT**

Plaintiff Richard McCluney, through counsel Donald N. Peterson, II and Sean M. McGivern of Withers, Gough, Pike, Pfaff & Peterson, LLC, states and alleges for his cause of action against Defendants City of Wichita, Kansas, as follows:

1. Plaintiff Richard McCluney is a citizen of the state of Kansas.

2. Defendant City of Wichita, Kansas ("City") is a government entity, domesticated in Sedgwick County, Kansas, with the capacity to sue and be sued.

3. Defendant owns and operates the Wichita Police Department.

4. Subject matter jurisdiction, personal jurisdiction, and venue are proper in this Court.

5. McCluney has exhausted all administrative remedies prior to bringing suit.

6. At all times relevant, McCluney's employment with the Defendant was covered by the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. 621, et seq.

7. McCluney has 26 years of experience in law enforcement, including 21 years of service on the Defendant's Special Weapons and Tactics ("SWAT") unit.

8. McCluney has engaged in hundreds of actual SWAT operations.

1

9. McCluney has served as the lead trainer for the Defendant's SWAT unit.

10. As a qualified SWAT team operator, McCluney was asked to participate in the United States Government's Anti-Terrorist Assitance Program and was assigned along with Navy SEAL and Army Special Forces members to highly classified missions in Iraq.

11. In 2013, the Defendant awarded McCluney the "Silver Wreath of Valor" award for actions taking during a SWAT operation.

12. In February, 2014, Defendant promoted John Speer to the position of Deputy Chief.

13. On July 31, 2014, Deputy Chief Speer made the following statement to Lieutenant Kevin Vaughn about McCluney: "He is too old, give him his medal, give him his party and tell him to move on."

14. Deputy Chief Speer told Lieutenant Vaughn that he believed McCluney had been falsifying his physical fitness tests for continuing membership in the SWAT unit.

15. Speer had no basis to make that statement then and he has no basis to make that statement today.

16. On August 7, 2014, Deputy Chief Speer held a meeting with members of the SWAT unit. During that meeting, Deputy Chief Speer made the following statements:

    a. "I intend to have a young team."

    b. "Eventually no one over forty years old will be allowed on my team."

    c. "Some of you are old, quit hoarding the training and information from younger officers."

    d. "We are all men here, this is a conversation among men, so if you want to make a stink over this, go right ahead, bring on your H.R., bring on your F.O.P., bring on your lawyers, I'm the Colonel, and Deputy Chiefs don't lose."

17. Deputy Chief Speer made reference in that meeting to a story about old Indians handing down their bows and arrows to the younger Indians.

18. In either late August or early September, 2014, Sergeant Kevin Kochenderfer told the SWAT unit that he had a message to deliver on behalf of Deputy Chief Speer and that he had been instructed to deliver the message directly and without alteration.

19. The message was that Lieutenant Vaughn had been relieved of command of the SWAT unit, and that certain members of the Swat unit who had reached the age of 40 years will be retired from the SWAT unit.

20. Sergeant Kochenderfer informed McCluney and two other individuals that Kochenderfer had been dispatched by Deputy Chief Speer to obtain their resignations from the SWAT unit.

21. McCluney, under duress and at the direction of the Deputy Chief, resigned his position on the SWAT unit.

22. McCluney was constructively discharged from the SWAT unit.

23. Defendant discriminated against McCluney on the basis of his age.

24. The discrimination has caused damages to McCluney, including but not limited to the loss of hazard and overtime pay.

WHEREFORE, Plaintiff Richard McCluney prays for judgment against Defendant City of Wichita, Kansas in an amount greater than $75,000.00, and any other relief the Court deems just and equitable.

**Plaintiff demands a jury trial.**

**Plaintiff hereby designate the United States District Court for the District of Kansas at Wichita, Kansas as the place of trial.**

Dated: June 19, 2015.

        Submitted by:

        WITHERS, GOUGH, PIKE, PFAFF & PETERSON, LLC
        O.W. Garvey Building
        200 W. Douglas, Suite 1010
        Wichita, KS 67202
        316.267.1562 (Telephone)
        316.303.1018 (Facsimile)

        /s Sean McGivern
        Donald N. Peterson, II, #13805
        Sean M. McGivern, #22932
        *Attorneys for Plaintiff*